**LOCAL IV–302 INTERNATIONAL WOODWORKERS UNION OF AMERICA, and William M. Waubanascum, Jr., as a member of a class, Plaintiff,**

v.

**MENOMINEE TRIBAL ENTERPRISES, A Tribal Enterprise of the Menominee Indian Tribe of Wisconsin, Defendant.**

**No. 84–C–0686.**

United States District Court,
E.D. Wisconsin.

Oct. 11, 1984.

Richard J. Stadelman, Aschenbrener, Koenig, Woods, Lamia, Stadelman & Schmid, S.C., Shawano, Wis., for plaintiff.

Joseph F. Preloznik, Preloznik & Associates, S.C., Madison, Wis., for defendant.

## ORDER

WARREN, District Judge.

The defendant, Menominee Tribal Enterprises ("MTE"), has filed a motion to dismiss the complaint in the above-captioned case. Defendant offers four arguments in support of its motion: (1) that the plaintiffs have failed to state a claim upon which relief can be granted; (2) that this Court lacks subject matter jurisdiction in this action; (3) that this Court lacks personal jurisdiction over the defendant; and (4) that the plaintiffs have failed to exhaust remedies available to them under the Constitution and Bylaws of the Menominee Tribe of Wisconsin. Since the Court is persuaded by defendant's first and third arguments, it need not consider the remaining arguments in granting defendant's motion to dismiss.

## BACKGROUND

On December 22, 1973, the Menominee Restoration Act, 25 U.S.C. § 903, was signed into law. The purpose of the Act was to restore the Menominee Indian Tribe of Wisconsin to the status of a federally recognized Indian tribe. Federal supervision over the Menominee Tribe of Wisconsin had been terminated in 1954, and a state corporation called Menominee Enterprises, Inc., was created to oversee management of tribal land and the tribal sawmill.

On April 22, 1975, the Secretary of the Interior approved a transfer plan under which assets previously transferred to Menominee Enterprises, Inc. would be transferred to and assumed by the tribe and the Secretary of the Interior. Included among the transfer plan documents was a document entitled "Management Plan of Menominee Enterprises, a Tribal Enterprise of Menominee Tribe of Wisconsin" (hereinafter "Management Plan"). Section 3 of the Management Plan provides as follows:

The Tribal Enterprise shall be the principle business arm of the tribe. The Tribal Enterprise is authorized to act on behalf of the tribe in regard to the business dealings of the tribe, as set forth in the Management Plan, and is authorized to act on behalf of the tribe under the name of "Menominee Enterprises". The Tribal Enterprise shall manage and operate the subject property in order to conduct the business operations of the tribe. The primary obligation of the Tribal Enterprise shall be to manage and operate the subject property in a businesslike manner which will best promote the interest of the tribe and the tribal members.

As a result of this provision of the Management Plan, Menominee Tribal Enterprises, defendant herein, was established to act on behalf of the tribe in its business dealings or, as the Management Plan states, to be "the principle business arm of the tribe."

For several years plaintiff, Local IV–302 of the International Woodworkers Union of America, had operated under a Collective Bargaining Agreement with defendant, the current agreement dated June 30, 1983. Article II, Section I of that Agreement provides as follows:

All employees covered by this Agreement, shall, as a condition of employment by the Company, become members of the Union on or after the 30th calendar day following the beginning of their employment or the effective date of this Agreement, whichever date is later, and shall continue such Union membership during the term of the Agreement. An employee shall be considered as having maintained membership in good standing if he tenders the periodic dues and initiation fees required by Article XIX of this Agreement.

On September 17, 1981, John R. Lawe petitioned the Menominee Tribal Court for a declaratory judgment holding that Lawe did not have to comply with the terms of this Agreement. In particular, Mr. Lawe sought an order prohibiting MTE from deducting money for union dues from his paycheck and prohibiting MTE from firing him for refusing to pay such dues. The Tribal Court entered a temporary restraining order on October 1, 1981, restraining MTE from deducting said dues from Mr. Lawe's paycheck and from compelling him to join the union. On February 2, 1982, default judgment was granted in favor of the plaintiff.

A similar action was later commenced by two other MTE employees, Alex Askinette and Warren Kakwitch. Local IV–302 International Woodworkers of America filed a motion to intervene, which was granted by Judge Wilmar J. Peters. On January 22, 1982, Judge Peters entered an order for a preliminary injunction enjoining MTE from deducting money for union dues from these plaintiffs' paychecks and prohibiting MTE from compelling the plaintiffs to become members of the union. On February 9, 1983, the Menominee Tribal Court entered a final order in that case making the prohibitions contained in the preliminary injunction order permanent.

Local IV–302 International Woodworkers of America did not file a direct appeal of the final order of the Menominee Tribal Court. Instead, the plaintiffs herein filed the complaint in this action on May 21, 1984. On July 9, 1984, defendants filed their motion to dismiss, to which plaintiffs have filed no responsive brief.

## I. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

■ Plaintiffs' prayer for relief in their complaint requests that the Court enjoin MTE from failing to honor the terms of the Collective Bargaining Agreement dated June 30, 1983. Defendant contends that such relief, if granted, would place defendant in the unenviable position of having to choose which court's order to disobey, that of this Court or that of the Menominee Tribal Court.

It is apparent to the Court from a review of the complaint that nowhere in that document do the plaintiffs allege any wrongdoing on behalf of the defendant. The only accusation made regarding the defendant is that MTE obeyed the orders of the Menominee Tribal Court in complying with the aforementioned prohibitions.

The wrongdoings alleged in the complaint are said to have been committed by the Menominee Tribal Court. Plaintiffs argue that the January 22, 1982 preliminary injunction order and the February 9, 1983 final order entered by Judge Peters are contrary to the United States Constitution and the laws of the United States. Specifically, plaintiffs claim that the actions of the Tribal Court have deprived them of property without due process of law and have

.. 

denied the plaintiffs' rights pursuant to 42 U.S.C. § 1983.

Since no wrongdoing is alleged on behalf of the named defendant in this action, the complaint is hereby dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

## II. PERSONAL JURISDICTION

As the Court has previously stated, the defendant in this action is a tribal enterprise charged with conducting the business affairs of the Menominee Indian Tribe of Wisconsin. In its brief in support of its motion to dismiss, defendant refers to a case involving MTE versus the acting Deputy Commissioner of Indian Affairs. The following language was quoted from the decision of the Interior Board of Indian Appeals:

> Were Menominee Tribal Enterprises a corporation or other legal entity, whether established by Tribal or State law, having a separate and independent existence from the Menominee Tribe, the Board recognized that section 476 would have no application to Menominee Tribal Enterprises. *However, because Menominee Tribal Enterprises is a Tribal Enterprise, specifically created by Article XII of the Tribal Constitution it is made a part of the Menominee Tribe as the "principal business arm of the tribe"* (emphasis defendant's), the Board holds that section 476 does apply to attorney contracts made by MTE.

While the Court has been unable to find a federal appeals court or district court opinion which addresses this issue, the Court finds merit to defendant's argument that an action against a tribal enterprise is, in essence, an action against the tribe itself. Since Indian tribes are immune from suit in either state or federal courts, without congressional authorization, *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978); *U.S. v. U.S. Fidelity and Guaranty Co.,* 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894 (1940), and the Menominee Indian Tribe of Wisconsin

has not waived its right of sovereign immunity in this case, this Court lacks personal jurisdiction over the defendant in this action.

For the foregoing reasons, the Court *Grants* defendant's motion to dismiss the complaint in this action.